

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

~~WILL WILSON~~

ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney
Menard County
Menard, Texas

Dear Sir:             Opinion No. O-3078
                       Re: Fees due officers under Article
                          1055, V.A.T.C.C.P.

      Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

      "Does Article 1055 in the C.C.P. provide
that counties shall pay one-half of the fees
of County Attorney, sheriff, and judge of
court, when defendant in a misdemeanor case
pleads 'guilty' on examining trial, and is not
actually tried as in a regular trial ? Or
does it provide for the payment of one-half
of the fees only when the defendant is actually
tried before the Judge or a jury, at a regular
trial, not an examining trial, and when he
pleads 'not guilty'? This article applies, I
presume, to all misdemeanor cases, regardless
whether in the Justice Courts or County Court?"

      Article 1055, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

      "The county shall not be liable to the
officer and witness having costs in a misde-
meanor case where defendant pays his fine
and costs. The county shall be liable for
one-half of the fees of the officers of the
Court, when the defendant fails to pay his
fine and lays his fine out in the county
jail or discharges the same by means of work-
ing such fine out on the county roads or on
any county project. And to pay such half of
costs, the County Clerk shall issue his war-
rant on the County Treasurer in favor of such
officer to be paid out of the Road and Bridge
Fund or other funds not otherwise appropriated."

Article 1065, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

" The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1.  For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

"2.  For summoning each witness, seventy-five cents.

"3.  For serving any writ not otherwise provided for, one dollar.

"4.  For taking and approving each bond, and returning the same to the court house, when necessary, one dollar and fifty cents.

"5.  For each commitment or release, one dollar.

"6.  Jury fee, in each case where a jury is actually summoned, one dollar.

"7.  For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody, or held to bail, for each day's attendance, four dollars.

"8.  For conveying a witness attached by him to any court out of his county, four dollars for each day or fractional part thereof, and his actual necessary expenses by the nearest practicable public conveyance, the amount to be stated by said officer, under oath and approved by the judge of the court from which the attachment issued.

"9.  For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

"10.  For conveying a prisoner arrested on a warrant or capias issued from another county

to the court or jail of the county from which the process was issued, for each mile travel-ed going and coming, by the nearest practicable route, twelve and one-half cents.

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, He shall charge only for the distance actually and necessarily traveled in the same."

Article 1061, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts, or a county court at law, to be taxed against the defen-dant:

"For every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars."

Article 1068, Vernon's Annotated Texas Code of Crim-inal Procedure, reads as follows:

"If the defendant pleads guilty to a charge before a justice, the fee allowed the attorney representing the State shall be five dollars. The attorney who represents the State in a criminal action in a justice's court shall receive, for each conviction on a plea of not guilty, where no appeal is taken, ten dollars."

Article 1070, Vernon's Annotated Texas Code of Crim-inal Procedure, reads as follows:

"No fee shall be allowed a district or county attorney in any case where he is not present and representing the State, upon the trial thereof, unless he has taken some action therein for the State, or is present and ready to represent the State at each regular term of the court in which such criminal action is pending; provided, that when pleas of guilty are accepted in any justice court, at any other time than the regular term thereof, the county attorney shall receive the sum of five dollars. In no case shall the county attorney, in consideration of a plea of guilty remit any part of his lawful fee."

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, provides for the payment of certain fees to the County Judge and Justice of the Peace by the county, and reads as follows:

"Three dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried; and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Trial fees are assessed under the provisions of Article 1074, Vernon's Texas Code of Criminal Procedure, which reads as follows:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

You are respectfully advised that it is the opinion of this department:

1. There is no necessity for an examining trial in a misdemeanor case when the defendant pleads guilty to same and the court has jurisdiction of the offense. For example, if a defendant was charged in the justice court with the offense of public drunkenness and the justice had started an examining trial and if the defendant stated to the court that he desired to plead guilty the justice should abandon the examining trial and enter a judgment against the defendant. Under such circumstances no fees should be allowed for an examining trial. The regular fees provided by law would be payable under such circumstances.

2. The fees of the justice of the peace and county judge for their services in the trials of misdemeanor cases, both on pleas of guilty and contested cases, are payable by the county as provided by Article 1052, V.A.T.C.C.P., supra.

3. If the defendant is legally convicted of a misdemeanor the sheriff and county attorney would be entitled to the fees earned by them and it would be immaterial as to whether the defendant plead guilty or plead not guilty and contested the case, except in the case of the county attorney, who would receive a smaller fee on a plea of guilty in justice court. If the defendant was not able to pay the fine and costs the same could be collected as provided by Article 1055, V.A.T.C.C.P., supra.

You are further respectfully advised that it is the opinion of this department that Article 1055, V.A.T.C.C.P., supra, applies to all misdemeanor convictions where the defendant is unable to pay the fine and costs, regardless of whether or not the conviction was had in the justice, county, county court at law, or district courts. See opinion No.

0-2877 of this department, a copy of which is enclosed here-
with for your information.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GP:wc
ENCLOSURE

APPROVED FEB 20, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman